IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSE VAZQUEZ GOMEZ, an individual, and JUAN VAZQUEZ MAGUEYAL, an individual, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, <br><br> Plaintiffs, <br><br> v. <br><br> BART GC CORP., an Illinois corporation, and KRZYSZTOF MENDYS, an individual, <br><br> Defendants. | Case No. 1:23-cv-1727 |

**COLLECTIVE ACTION COMPLAINT**

The Plaintiffs, Jose Vazquez Gomez and Juan Vazquez Magueyal, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, by and through their attorney, Timothy M. Nolan of the Nolan Law Office, complain against Defendants, Bart GC Corp. and Krzysztof Mendys (collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1. This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010 of the Municipal Code of Chicago, for Defendants' failure to pay Plaintiffs, and other similarly situated employees, overtime compensation for hours worked over forty (40) in a workweek. Plaintiffs, and other similarly situated employees, are current and former construction laborers of Defendants' brick construction business.

1

2. Plaintiffs bring their FLSA claims as a collective action under 29 U.S.C. § 216(b). Plaintiffs' consent forms to act as the representative parties in this collective action are attached as Exhibit A. (See Exh. A).

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

**THE PARTIES**

5. Plaintiff Jose Vazquez Gomez ("Gomez") is a former employee of Defendants' Bart GC Corp. brick construction business which has a principal office located at 519 Home Avenue in Itasca, Illinois. Plaintiff Gomez worked as a laborer for Defendants' brick construction business at various construction sites in the City of Chicago from July, 2019 through January, 2023.

6. Plaintiff Juan Vazquez Magueyal ("Magueyal") is also a former employee of Defendants' Bart GC Corp. brick construction business, and worked as a laborer for Defendants' brick construction business at various construction sites in the City of Chicago from March, 2020 through July, 2022.

7. During the course of their employment, Plaintiffs regularly used and handled goods and materials, including tools, equipment, bricks and constructions materials, which moved in interstate commerce prior to being used or purchased in Illinois.

8. Plaintiffs reside in and are domiciled in this judicial district.

9.     Defendant Bart GC Corp. is an Illinois corporation that operates the Bart GC brick construction business located at 519 Home Avenue in Itasca, Illinois and is engaged in brick construction work at various construction site locations throughout Chicago, Illinois.

10.    Upon information and belief, Defendant Bart GC Corp. has earned more than $500,000 in annual gross revenue during 2020, 2021 and 2022.

11.    Defendant Bart GC Corp. is registered in Illinois as a corporation and its president, secretary, registered agent and registered office are located within this judicial district.

12.    Defendant Krzysztof Mendys ("Mendys") is a manager of Bart GC Corp.

13.    At all times relevant to this action, Defendant Mendys possessed extensive oversight over the Bart GC Corp. brick construction business and business operations. Defendant Mendys was the ultimate decision-maker with respect to Defendants' payroll and wage and hour practices; he possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

14.    Defendant Mendys resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

15.    During the period from July, 2019 through January, 2023, excluding the months of December through February, Plaintiff Gomez regularly worked six (6) days a week including Monday through Friday from approximately 7:30 a.m. to 6:00 p.m. and Saturday from approximately 8:00 a.m. to 12:00 p.m. Plaintiff Gomez received one half-hour lunch break each day Monday through Friday, and he typically did not work on Sunday.

16. Based on his schedule, Plaintiff Gomez regularly worked approximately fifty-four (54) hours in individual workweeks from July, 2019 through January, 2023, excluding the months of December through February.

17. Defendants paid Plaintiff Gomez on an hourly basis at rates ranging from $20.00 an hour to $24.00 per hour.

18. During the period from March, 2020 through July, 2022, excluding the months of December through February, Plaintiff Magueyal regularly worked six (6) days a week including Monday through Friday from approximately 7:30 a.m. to 6:00 p.m. and Saturday from approximately 8:00 a.m. to 12:00 p.m. Plaintiff Magueyal received one half-hour lunch break each day Monday through Friday, and he typically did not work on Sunday.

19. Based on his schedule, Plaintiff Magueyal regularly worked approximately fifty-four (54) hours in individual workweeks from March, 2020 through July, 2022, excluding December through February.

20. Defendants paid Plaintiff Magueyal on an hourly basis at the rates of $24.00 or $25.00 per hour.

21. In addition, Defendants imposed a dual wage payment scheme on Plaintiffs whereby Defendants typically paid a portion of Plaintiffs' work hours, usually less than half of the hours Plaintiffs worked each week, with a payroll check and paid the remainder of Plaintiffs' work hours with unreported cash or with non-payroll company checks.

22. Defendants did not compensate Plaintiffs, and other non-exempt construction laborers at one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in individual work weeks.

4

23. Defendants paid all of Plaintiffs' work hours including their overtime compensable hours at their straight-time hourly rates of pay and never paid Plaintiffs an overtime premium when they worked more than forty (40) hours in a work week and

24. In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, § 6-105-120 of the CMWO, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiffs and other non-exempt employees.

**COLLECTIVE ACTION ALLEGATIONS**

25. Plaintiffs bring their FLSA claims as a collective action on behalf of themselves and all other similarly situated current and former construction laborers that worked for Defendants during the last three years before the filing of this suit.

26. During the last three years before the filing of this suit, Plaintiffs and all other similarly situated current and former construction laborers have had substantially similar job descriptions, job requirements and pay rates.

27. Plaintiffs and other similarly situated current and former construction laborers worked more than forty (40) hours in individual workweeks and received no overtime premium for hours worked in excess of 40 in a workweek due to unlawful salary arrangements.

28. Plaintiffs and the other similarly situated construction laborers were subject to Defendants' common policy and plan to violate the FLSA by willfully refusing to pay an overtime premium for hours worked in excess of forty in individual workweeks.

29. Defendants at all times failed to pay Plaintiffs, and other similarly situated construction laborers overtime compensation including at a rate of one and one-half times their

regular hourly rates of pay, when they worked more than forty (40) hours in an individual work week.

30. Plaintiffs' claims are substantially similar to the other similarly situated employees based on Defendants' common policy and plan to violate the FLSA maximum hour provisions.

31. Defendants knew or should have known that their illegal wage and hour practices violated the FLSA.

32. There are numerous similarly situated current and former constructions laborers who worked for Defendants' brick construction business and who would benefit from the Court authorizing issuance of notice of this lawsuit so that these employees may opt-in to this lawsuit.

33. The similarly situated current and former construction laborers are known to the Defendants and are identifiable in Defendants' timekeeping, payroll and other records.

## COUNT I
## Violation of the Fair Labor Standards Act – Overtime Wages

34. Plaintiffs hereby incorporate paragraphs 1 through 33 as though stated herein.

35. Throughout their employment with Defendants, Plaintiffs were each an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

36. Plaintiffs were not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §§ 207, 213.

37. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

38. Defendant Bart GC Corp. is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

39. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs and other non-exempt construction laborers worked more than forty (40) hours, Defendants were obligated to pay them at a rate of one and one-half times their regular hourly rates of pay for all hours worked over forty (40) in a workweek.

40. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

41. Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiffs' overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiffs and other construction laborers were scheduled to work and regularly did work more than forty (40) hours in a workweek. Defendants further avoided overtime wage obligations by imposing on Plaintiffs and those similarly situated a dual wage payment scheme whereby Defendants paid only a portion of Plaintiff's hours with a payroll check and paid the remainder with cash "under the table" or with non-payroll company checks. Upon information and belief, Defendants' cash payments and non-payroll check payments were not reported to federal and state tax and revenue departmental agencies. Additionally, Defendants failed to provide Plaintiffs with any wage stubs, receipt or record of the total amount of hours worked or wages paid each week and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiffs, Jose Vazquez Gomez and Juan Vazquez Magueyal, on behalf of themselves and all other Plaintiffs similarly situated, known and unknown, pray for a judgment against Defendants, Bart GC Corp. and Krzysztof Mendys, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

7

Case: 1:23-cv-01727 Document #: 1 Filed: 03/20/23 Page 8 of 10 PageID #:8

B. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law – Overtime Wages

42. Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

43. Throughout their employment with Defendants, Plaintiffs were each an "employee" under the IMWL, 820 ILCS § 105/3(d).

44. Plaintiffs were not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

45. Throughout Plaintiffs' employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

46. Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

47. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiffs, Jose Vazquez Gomez and Juan Vazquez Magueyal, pray for a judgment against Defendants, Bart GC Corp. and Krzysztof Mendys, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory damages in the amount of three times the amount of unpaid overtime;

8

C. Statutory interest damages in the amount of five percent (5%) per month of the amount of underpayments;

D. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

E. Such other and further relief as this Court deems appropriate and just.

### COUNT III
### Violation of the Chicago Minimum Wage and Paid Sick Leave Ordinance – Overtime Wages

48. Plaintiffs hereby incorporate paragraphs 1 through 24 as though stated herein.

49. Plaintiffs were each an "employee" under the CMWO § 6-105-010 of the Municipal Code of Chicago and were not exempt from the overtime wage provisions of the CMWO § 6-105-040.

50. Defendants were each an "employer" as defined in the CMWO § 6-105-010.

51. Under § 6-105-040, for all weeks during which Plaintiffs worked more than forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular hourly rates of pay.

52. Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 6-105-040.

**WHEREFORE**, the Plaintiffs, Jose Vazquez Gomez and Juan Vazquez Magueyal, pray for a judgment against Defendants, Bart GC Corp. and Krzysztof Mendys, as follows:

A. Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiffs' regular hourly rates of pay for all hours which Plaintiffs worked in excess of forty (40) hours per week;

B. Statutory interest damages in the amount of three times the amount of unpaid overtime;

C. Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.       Such other and further relief as this Court deems appropriate and just.

Dated: March 20, 2023

Respectfully submitted,

Jose Vazquez Gomez and Juan Vazquez Magueyal,
on behalf of themselves and all other Plaintiffs similarly situated, known and known,
Plaintiffs,

/s/ Timothy M. Nolan
_____
One of the Plaintiffs' Attorneys

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com