IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE VAZQUEZ GOMEZ, an individual, and JUAN VAZQUEZ MAGUEYAL, an individual, | ) ) ) | Case No. 1:23-cv-1727 |
| Plaintiffs, | ) ) ) | Honorable Nancy L. Maldonado |
| v. | ) ) | |
| BART GC CORP., an Illinois corporation, and KRZYSZTOF MENDYS, an individual, | ) ) ) ) | Magistrate Judge Maria Valdez |
| Defendants. | ) | |

**PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT JUDGMENT**

The Plaintiffs, Jose Vazquez Gomez ("Gomez") and Juan Vazquez Magueyal ("Magueyal"), by and through their attorney, Timothy M. Nolan of the Nolan Law Office, hereby move this Court pursuant to Rule 55(b)(2) of the Fed. Rule Civil Proc. to enter a default judgment in favor of the Plaintiffs and against Defendants, Bart GC Corp. and Krzysztof Mendys. In support thereof, Plaintiffs state as follows:

**PROCEDURAL BACKGROUND**

1. On March 20, 2023, Plaintiffs filed their Collective Action Complaint for unpaid overtime compensation against the Defendants under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq.*, and the Chicago Minimum Wage and Paid Sick Leave Ordinance ("CMWO"), § 6-105-010, *et seq.*, of the Municipal Code of Chicago. (Dkt. 1).

2. On June 28, 2023, this Court found both Defendants to be in default. (Dkt. 11).

**MOTION FOR DEFAULT JUDGMENT**

3. Once a default has been entered against the Defendants, the well-pled allegations of the complaint are taken as true. e360 Insight v. The Spamhaus Project, 500 F.3d 594, 602 (7th

Cir. 2007). Furthermore, a default judgment establishes that a defendant is liable as a matter of law for each cause of action alleged in the complaint. Id. However, those portions of the default judgment motion relating to the amount of damages and fees must be proven. Yang v. Hardin, 37 F.3d 282, 286 (7th Cir. 1994).

    4.      Before the entry of default judgment, Rule 55(b)(2) provides that the district court may conduct such hearings or make referrals as it deems necessary and proper to determine the amount of damages. Fed. Rule Civil Proc. 55(b)(2). However, such proceedings are unnecessary if "the amount claimed is liquidated or capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." e360 Insight, 500 F.3d at 602, quoting Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983). Here, Plaintiffs' Declarations concerning their regular work schedule, their weekly total of hours worked, their rates of pay and wage payments, and Defendants' failure to pay overtime compensation, is sufficiently detailed to render such a hearing unnecessary. The Declaration of Attorney Timothy M. Nolan further details how Plaintiffs' damages are calculated.

**Unpaid Overtime Compensation**

    5.      Plaintiffs principally seek an award of unpaid overtime compensation over the last three years before this suit was filed. While the Portal–to–Portal Act provides that the limitations period for FLSA claims is two years, the statute of limitations is properly extended to three years when the cause of action arises out of a willful violation of the FLSA. 29 U.S.C. § 255(a). Importantly, however, the IMWL contains a three-year statute of limitations regardless of whether the violation was willful. 820 ILCS § 105/12(a). As a result, Plaintiffs may recover unpaid overtime compensation extending back three years under the IMWL regardless of whether Defendants' actions are deemed "willful" under the FLSA.

6. Nonetheless, Plaintiffs strongly contend that Defendants' non-payment of overtime compensation should be deemed "willful" under the FLSA. As alleged in Plaintiffs' Complaint, Defendants never paid overtime compensation even though the Plaintiffs were scheduled to work and regularly did work more than forty (40) hours in individual workweeks during the months of March through November. In furtherance of their scheme to deny Plaintiffs overtime compensation, Defendants imposed a dual wage payment scheme in which they paid a portion of Plaintiffs' hours with a payroll check, usually less than half the hours worked each week, and paid the remainder of Plaintiffs' work hours with unreported cash all at their straight time hourly rates of pay. In addition, Defendants failed to create and maintain accurate payroll and time-worked records, and they failed to furnish Plaintiffs with complete and accurate wage stubs or other record of hours worked and wages paid. (See, Dkt. 1 at para. 15-24 and 41). For purposes of this motion, these allegations are to be taken as true, and they demonstrate that Defendants knowingly violated the FLSA and attempted to circumvent its requirements. Therefore, Plaintiffs seek unpaid overtime compensation extending back three years for Defendants' willful violation of the FLSA. See, Walton v. United Consumers Club, Inc., 786 F.2d 303, 308-09 (7th Cir. 1986) ("willfulness" includes even "gross negligence" and "reckless indifference to the law"). Alternatively, Plaintiffs seek three years' worth of unpaid overtime premiums under the default IMWL limitations period of three years.

7. Plaintiff Gomez seeks the recovery of unpaid overtime compensation for weekly pay periods ending March 23, 2020 through November 28, 2022, and Plaintiff Magueyal seeks the recovery of unpaid overtime compensation for weekly pay periods ending March 23, 2020 through July 25, 2022. Under the FLSA, IMWL, and CMWO, an employer must pay an employee who works more than 40 hours in a week at a rate one and one-half times the employee's regular rate of pay for hours worked after the fortieth hour. 29 U.S.C. § 207(a)(1);

3

820 ILCS § 105/4(a)(1); CMWO, § 6-105-040. Plaintiffs' Declarations demonstrates that they regularly worked more than 40 hours per week, but were never paid an overtime premium.

8. During the three-year limitations period, Plaintiffs worked for Defendants as construction laborers for Defendants' brick construction business. (True and correct copies of Plaintiffs' Declarations are attached to this motion as Exhibits A and B; See, Exh. A-B at para. 3.) During this time, Defendants paid Plaintiffs various hourly rates that ranged from $22.00 to $25.00 per hour. (See, Exh. A-B at para. 6.)

9. Throughout the period for weeks ending March 23, 2020 through November, 2022, and excluding the winter months of December-February, Plaintiff Gomez regularly worked fifty-four (54) hours per week on a six (6) day per week work schedule including Monday through Friday from approximately 7:30 a.m. to 6:00 p.m. and Saturday from approximately 8:00 a.m. to 12:00 p.m. (See, Exh. A, Gomez Dec. at para. 4-5.)

10. Throughout the period for weeks ending March 23, 2020 through July 25, 2022, and excluding the winter months of December-February, Plaintiff Magueyal regularly worked fifty-four (54) hours per week on a six (6) day per week work schedule including Monday through Friday from approximately 7:30 a.m. to 6:00 p.m. and Saturday from approximately 8:00 a.m. to 12:00 p.m. (See, Exh. B, Magueyal Dec. at para. 4-5.)

11. During all relevant weekly ending pay periods, Defendants failed to pay overtime wages to Plaintiffs at the rate of one and one-half times their regular hourly rates of pay when they worked more than 40 hours in individual workweeks. (See, Complaint, Dkt. 1 at para. 22-23; 29, and 40-41; See also, Exh. A and B, Plaintiffs' Decs. at para. 7-8.)

12. In total, Plaintiff Gomez seeks unpaid overtime premiums for 1,624 overtime hours worked during 141 weeks including the weeks ending March 23, 2020 through November 28, 2022. (See, Jose Vazquez Gomez Damages Spreadsheet, Exh. C-1, attached to Attorney

4

Nolan's Declaration, Exh. C.) Based on Plaintiff Gomez's overtime hours for which he did not receive an overtime premium, Plaintiff Gomez's total amount of unpaid wages owed by Defendants is $18,410.00. (See, Exh. C., Nolan Dec. at para. 3-5; See also, Exh. C-1, Jose Vazquez Gomez Damages Spreadsheet.)

13. In total, Plaintiff Magueyal seeks unpaid overtime premiums for 1,372 overtime hours worked during 123 weeks including the weeks ending March 23, 2020 through July 25, 2022. (See, Juan Vazquez Magueyal Damages Spreadsheet, Exh. C-2, attached to Attorney Nolan's Declaration, Exh. C.) Based on Plaintiff Magueyal's overtime hours for which he did not receive an overtime premium, Plaintiff Magueyal's total amount of unpaid wages owed by Defendants is $16,884.00. (See, Exh. C., Nolan Dec. at para. 6-8; See also, Exh. C-2, Juan Vazquez Magueyal Damages Spreadsheet.)

**FLSA Liquidated Damages**

14. Next, Plaintiffs seek an award of liquidated damages under the FLSA in a like amount of all unpaid overtime premiums. Section 216(b) of the FLSA directs the award of liquidated damages in an amount equal to the plaintiff's actual damages unless the defendant proves that its actions were in good faith and that it had reasonable grounds for believing that its actions did not violate the Act. Avitia, Inc. v. Metro. Club of Chi., 49 F.3d 1219, 1223 (7th Cir. 1995), citing, 29 U.S.C. § 260. A defendant's burden to avoid liquidated damages is "substantial." Bankston v. State of Illinois, 60 F.3d 1249, 1253 (7th Cir. 2005). As a result, doubling is the norm, and not the exception. Avitia, 49 F.3d at 1223.

15. The Defendants are unable to satisfy their burden under the Act in order to avoid liquidated damages. Upon default, the well-pled allegations of the complaint relating to liability are taken as true. Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012). Plaintiffs' Complaint allegations regarding the Defendants' willfulness and bad faith under the Act are therefore

5

unrebutted. (See, Complaint, Dkt. 1 at para. 21-24 and 41.) Accordingly, Defendants cannot satisfy their burden of proof and liquidated damages are due Plaintiff Gomez in the amount of $18,410.00 and Plaintiff Magueyal in the amount of $16,884.00.

**IMWL and CMWO Trebling**

16. Effective February 19, 2019, the IMWL was amended to allow an employee to recover in a civil action treble the amount of any underpayment of overtime compensation. 820 ILCS § 105/12(a).

17. Likewise, the City of Chicago's Minimum Wage and Paid Sick Leave Ordinance imposes treble damages on employers who violate the City of Chicago's overtime wage scale. See, § 6-105-110, Private Cause of Action, of the Chicago Minimum Wage and Paid Sick Leave Ordinance, formerly the Chicago Minimum Wage Ordinance. Specifically, this ordinance section provides that "[i]f any Covered Employee is paid by the Covered Employee's Employer less than the Wage to which the Covered Employee is entitled under this chapter, the Covered Employee may recover in a civil action three times the amount of any such underpayment,…" An employee's entitlement to this trebling component is not dependent on the employee showing that the employer engaged in a willful wage violation or that it acted in bad faith.

18. Therefore, in addition to their overtime premium damages, and liquidated damages under the FLSA, Plaintiff Gomez is entitled to a trebling component under the IMWL and the CMWO in the amount of $18,410.00 and Plaintiff Magueyal is entitled to a trebling component in the amount of $16,884.00.

**IMWL Statutory Interest**

19. Under the IMWL, an employee who is not paid as the statute requires is entitled to recover the amount of the underpayment, plus "damages of 5% of the amount of any such

underpayments for each month following the date of payment during which such underpayments remain unpaid." 820 ILCS § 105/12(a)(2019).

20. Employees are entitled to recover IMWL interest in addition to unpaid wages and FLSA liquidated damages. See, e.g., Burton v. Dras Partners, LLC, Case No. 19-cv-02949, 2019 WL 5550579, at *4 (N.D. Ill. Oct. 27, 2019) (Coleman, J.); Reynoso v. Motel LLC, Case No. 13 C 5004, 2014 WL 5392034, at *4 and *6 (N.D. Ill. Oct. 21, 2014) (Shadur, J.); and, Calderon v. J. Younes Const. LLC, No. 12 C 3793, 2013 WL 3199985, at *8 (N.D. Ill. Jun. 23, 2013) (Kennelly, J.).

21. Based upon calculating interest on Plaintiffs' unpaid overtime wages at the rate of five percent (5%), Plaintiff Gomez is entitled to recover IMWL statutory interest in the amount of $21,478.10 through July, 2023 and Plaintiff Magueyal is entitled to IMWL statutory interest in the amount of $22,059.45 through July, 2023. (See Exh. C, Nolan Dec. at para. 9-11; See also, Exh. C-1, Jose Vazquez Gomez Damages Spreadsheet, and Exh. C-2, Juan Vazquez Magueyal Damages Spreadsheet.)

**Attorney's Fees and Costs**

22. Finally, the FLSA, IMWL and CMWO provide that, in addition to any judgment awarded, plaintiff may recover reasonable attorneys' fees and costs. 29 U.S.C. § 216(b); 820 ILCS § 105/12(a); CMWO, § 6-105-110. Therefore, Plaintiffs seek the award of reasonable attorney's fees and costs incurred in connection with the prosecution of this lawsuit. Plaintiffs respectfully requests leave of this Court to file a motion for the award of attorney's fees and his bill of costs.

**WHEREFORE**, the Plaintiffs, Jose Vazquez Gomez and Juan Vazquez Magueyal, respectfully request that this Court grant Plaintiffs' Motion for Entry of Default Judgment, and enter an Order for the following relief:

  A. Entering a default judgment in favor of Plaintiff, Jose Vazquez Gomez, and against Defendants, Bart GC Corp. and Krzysztof, under Rule 55(b)(2) of the Federal Rules of Civil Procedure in the amount of $76,708.10;

  B. Entering a default judgment in favor of Plaintiff, Juan Vazquez Magueyal, and against Defendants, Bart GC Corp. and Krzysztof, under Rule 55(b)(2) of the Federal Rules of Civil Procedure in the amount of $72,711.45;

  C. Finding that the default judgment in favor of Plaintiffs is for wages due Plaintiffs as employees of Defendants, pursuant to 735 ILCS § 5/12-1004;

  D. Granting Plaintiffs leave to file his motion for attorney's fees and bill of costs; and

  E. For such other and further relief as this Court deems just and equitable.

Dated: July 26, 2023

Respectfully submitted,

Jose Vazquez Gomez and
Juan Vazquez Magueyal,
Plaintiffs

/s/ Timothy M. Nolan
_____
Attorney for the Plaintiffs

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com

8

## **CERTIFICATE OF SERVICE**

      I, Timothy M. Nolan, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing Plaintiffs' Motion for Entry of Default Judgment to be served upon the following by placing copies of the same in envelopes addressed as follows and depositing said envelopes in the United States Post Office Chicago Loop Station before the hour of 4:00 p.m. on July 26, 2023 and with all proper postage prepaid:

Bart GC Corp.
C/O Bartosz Daniluk
Registered Agent
519 Home Ave.
Itasca, IL  60143

Krzysztof Mendys
6322 W. Irving Park Rd.
Unit 3
Chicago, IL  60634

                                      /s/ Timothy M. Nolan

                                      Timothy M. Nolan